13-3226
*Chen v. Holder*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand fourteen.

PRESENT: ROBERT A. KATZMANN,
        *Chief Judge,*
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
        *Circuit Judges.*

_____

MEILING CHEN,

        *Petitioner,*

    -v.-                       No. 13-3226
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

        *Respondent.*

_____

FOR PETITIONER:     Robert Tsigler, Law Offices of Yu & Associates, PLLC, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; Kelly J. Walls, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

---

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Meiling Chen, a native and citizen of the People's Republic of China, seeks review of an August 6, 2013 decision of the BIA affirming the July 11, 2012 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meiling Chen*, No. A200 172 613 (B.I.A. Aug. 6, 2013), *aff'g* No. A200 172 613 (Immig. Ct. N.Y.C. July 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Chen's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the agency reasonably based its adverse credibility determination on the internal inconsistencies in Chen's statements, her lack of plausible explanation for those inconsistencies, and her general lack of responsiveness.

The IJ reasonably found that Chen was not credible because her testimony was at times inconsistent, confusing, and unresponsive. The internal

3

inconsistencies in Chen's testimony about whether she preached to others, whether her sister first converted to Christianity or attended church in China or the United States, and whether Thanksgiving was a religious holiday, provide substantial evidence to support the agency's adverse credibility determination, particularly because several of the inconsistencies directly relate to the basis of Chen's fear of harm in China. *See Xiu Xia Lin*, 534 F.3d at 166-67. Regarding whether Chen preached to others, we defer to the IJ's interpretation because of the confusing nature of the testimony and the fact that she said both that she did not preach and that she did preach. *See id.* at 167.

Even more problematic was the inconsistency about her sister. Chen's alleged fear of persecution was based on her sister's persecution in China for practicing in an underground church. When questioned at the hearing, however, Chen contradicted this fear by stating, at times, that her sister did not convert to Christianity until she came to the United States. Moreover, she did not identify any harm that her sister had suffered in China.

The third inconsistency related to Christian holidays. Although lack of "doctrinal knowledge" of a religion is not a proper ground for an adverse credibility finding, a lack of knowledge, combined with other indicia that the

4

applicant is not credible, may be held against the applicant. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). Here, the agency did not rely on Chen's lack of doctrinal knowledge, but rather on the confusing and inconsistent nature of her testimony, which was an appropriate factor for the agency to consider. *See Xiu Xia Lin*, 534 F.3d at 167. Furthermore, Chen failed to account adequately for the discrepancies between her testimony and the other evidence in the record. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Although she contends that the inconsistencies were caused by linguistic or translation errors, she has not identified any specific errors in the translation. Without more, the record does not compel reversal.

Given the unexplained inconsistencies related to the basis of her claimed fear of future persecution, the totality of the circumstances supports the agency's adverse credibility determination, and we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk